I concur in the majority's disposition of appellant's two assignments of error. However, I do so for reasons different from those relied upon by the majority. Unlike the majority, my review of the record reveals the trial court heard, without objection, testimony from several witnesses concerning prior consistent statements of the victim. In light of the admission of these statements, I believe the majority misreads the trial court's statement regarding the consistency of the victim's statement ". . . from the beginning of the case." The logical interpretation of the trial court's statement is that it considered the victim's pretrial consistent statements in accessing the victim's credibility at trial, not just the victim's testimony at trial. Nevertheless, erroneous admission of the victim's prior consistent statements do not rise to the level of plain error in the case sub judice. I further disagree with the majority's conclusion appellant's trial counsel's failure to object to the admission of the victim's prior consistent statements can be considered trial strategy. The credibility of the victim as to whether appellant digitally penetrated her was the only crucial issue contested at trial. However, I join the majority's decision to overrule this assignment of error because I do not believe there exists a reasonable probability the outcome of the trial would have been different had appellant successfully objected to the victim's prior consistent statements.
 _________________________ WILLIAM B. HOFFMAN, JUDGE